SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA
-----------------------------------------------------------------X
SARAH POWERS-BARNHARD,

                      *Plaintiff,*

-against -

RICK BUTLER, CHERYL BUTLER, GLV, INC.
d/b/a SPORTS PERFORMANCE VOLLEYBALL
CLUB and GREAT LAKES CENTER, and
U.S.A. VOLLEYBALL,

                      *Defendants.*
-----------------------------------------------------------------X

Index No.: 007595/19

Plaintiff designates
ONONDAGA COUNTY
As place of trial.

The basis of venue is the place where the incident occurred.

## SUMMONS

Plaintiff's residence is 117 Oak View Circle, Ponte Vedra Beach, FL 32082.

To the above-named defendant (s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case your failure to appear or answer, judgement will be taken for the relief demanded herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, ONONDAGA COUNTY ON 8/21/19  IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).**

Dated: New York, New York
       August 21, 2019

                                      MERSON LAW, PLLC

                                      By: _____
                                      Jordan K. Merson
                                      Attorney for Plaintiff
                                      150 East 58th Street 34th Floor
                                      New York, New York 10155

**TO:**

**RICK BUTLER**
2433 Glenford Drive
Aurora, IL 60502

**CHERYL BUTLER**
2433 Glenford Drive
Aurora, IL 60502

**GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB
and GREAT LAKES CENTER**
579 North Oakhurst Drive
Aurora, IL 60502

**U.S.A. VOLLEYBALL**
4065 Sinton Road, Suite 200
Colorado Springs, CO 80907

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ONONDAGA**

Index No.: 007595/2019

-----------------------------------------------------------------X

SARAH POWERS-BARNHARD,

*Plaintiff*,

-against-

**VERIFIED COMPLAINT**

RICK BUTLER, CHERYL BUTLER, GLV, INC.
d/b/a SPORTS PERFORMANCE VOLLEYBALL
CLUB and GREAT LAKES CENTER, and
U.S.A. VOLLEYBALL,

*Defendants*,

-----------------------------------------------------------------X

Plaintiff **SARAH POWERS-BARNHARD** by and through her counsel Merson Law, PLLC, as and for her Complaint in this action against defendants **RICK BUTLER, CHERYL BUTLER, GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER, and U.S.A. VOLLEYBALL** hereby alleges the following:

## NATURE OF THE CLAIMS

1. This is the case of **SARAH POWERS-BARNHARD**, a rising top-ranked high school volleyball player at Sports Performance Volleyball Club, who was subjected to sexual, emotional, and physical abuse from Defendant **RICK BUTLER** while she was a member of Sports Performance Volleyball Club, attended volleyball training sessions, and attended volleyball team meetings.

2. Defendant **RICK BUTLER** was an owner and instructor of Sports Performance Volleyball Club in Aurora, Illinois. Mr. Butler was an agent, servant, and/or employee of Sports Performance Volleyball Club and used his position of power to sexually assault Ms. Powers-Barnhard. Upon information and belief, it was known among the volleyball community and the girls at the volleyball club that Mr. Butler was a sexual predator.

3. Despite Mr. Butler's reputation as a sexual predator to young girls, he continued to be a volleyball coach under the supervision and control of Sports Performance Volleyball Club and U.S.A. Volleyball.

4. Sports Performance Volleyball Club and/or U.S.A. Volleyball knew or should have known that Mr. Butler was sexually abusing girls and/or had the propensity to do so.

5. In approximately 1981, Rick Butler instructed Sarah Powers-Barnhard to go to the upstairs dorm building lounge to see him because she was in trouble. At the time Ms. Barnhard was sixteen years old. There Rick Butler told Ms. Powers-Barnhard that if she wanted to achieve all of her goals and dreams of being a professional volleyball player, she needed to understand that she needed to follow him blindly. Then, Rick Butler kissed, fondled, and groped Ms. Powers-Barnhard.

6. This was the first time Ms. Powers-Barnhard was sexually abused by Rick Butler and she was sexually abused numerous times thereafter.

7. Ms. Powers-Barnhard brings this lawsuit to recover for the emotional and physical suffering she has suffered due to the negligence of Sports Performance Volleyball Club and U.S.A. Volleyball and to ensure that no other girl is forced to suffer the abuse and physical and mental trauma she felt and continues to feel.

## PARTIES

8. At all times herein mentioned, defendant **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** was a not for profit corporation incorporated in the State of Illinois and by virtue of the laws of the State of Illinois.

9. At all times herein mentioned, defendant **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** was located at 579 North Oakhurst Drive, Aurora, IL 60502.

10. At all times herein mentioned, defendant **U.S.A. VOLLEYBALL** was a not for profit corporation incorporated in the State of Colorado and by virtue of the laws of the State of Colorado.

11. At all times herein mentioned, defendant **U.S.A. VOLLEYBALL** was located at 4065 Sinton Road, Suite 200, Colorado Springs, CO 80907.

12. At all times herein mentioned, defendant **RICK BUTLER** was a volleyball coach operating under the direction and control of defendants **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** and **U.S.A. VOLLEYBALL.**

13. At all times herein mentioned, defendant **RICK BUTLER** was an agent, servant and/or employee of defendants **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** and **U.S.A. VOLLEYBALL.**

14. At all times herein mentioned, defendant **CHERYL BUTLER** was a volleyball coach operating under the direction and control of defendants **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** and **U.S.A. VOLLEYBALL.**

15. At all times herein mentioned, defendant **CHERYL BUTLER** was an agent, servant and/or employee of defendants **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** and **U.S.A. VOLLEYBALL.**

## FACTS OF THE CASE

16. Plaintiff **SARAH POWERS-BARNHARD** was a high school volleyball player and a member of Sports Performance Volleyball Club from approximately 1981 to 1984. Defendant **RICK BUTLER** was Ms. Powers-Barnhard's coach at Sports Performance Volleyball Club. Defendant **RICK BUTLER** started to initiate inappropriate behavior toward Ms. Powers-

Barnhard on Ms. Powers-Barnhard's 16th birthday, when Defendant Rick Butler took Ms. Powers-Barnhard to a back stairwell and hugged her.

17. During her time with Sports Performance Volleyball Club, Ms. Powers-Barnhard's volleyball team took a trip to Michigan, Syracuse, New York, and Canada in approximately July of 1981. At one of their practices during this trip, Defendant **RICK BUTLER** threw a volleyball past Ms. Powers-Barnhard's head and yelled to get her a bus ticket because she was going home on a bus. After this, he forced Ms. Powers-Barnhard to sit alone in the equipment bus on the way to the dorm building while he let the rest of the team take the team bus and took the rest of the team to get ice cream.

18. On this same trip Ms. Powers-Barnhard and her teammates were staying in an empty summer dorm building in Syracuse, New York when Defendant **RICK BUTLER** asked Ms. Powers-Barnhard to see him in an upstairs private lounge in the dorm building. Defendant **RICK BUTLER** then told her that she needed to understand that to achieve all of her goals and dreams of becoming a professional volleyball player, she needed to follow him blindly and do as he said. Defendant **RICK BUTLER** then proceeded to kiss and grope Ms. Powers-Barnhard. This was the beginning of the inappropriate sexual contact and it only escalated from there.

19. During the Canadian part of the trip, Defendant Rick Butler plied the entire team including plaintiff with alcohol, and they became extremely intoxicated. Throughout this entire trip, Defendant **RICK BUTLER** kissed and fondled Ms. Powers-Barnhard.

20. Within a week of being back home, Defendant Rick Butler invited the team to his house, served them a drink called "tequila sunrise," and got them extremely intoxicated again. Later in the evening, Defendant **RICK BUTLER** took Ms. Powers-Barnhard's head into his lap and stroked her hair while another player watched.

21. Days later Defendant **RICK BUTLER**'s conduct escalated when he took Ms. Powers-Barnhard to his house and proceeded to rape her. This was the just the beginning of the multiple rapes Ms. Powers-Barnhard suffered at the hands of Defendant **RICK BUTLER**.

22. During a later trip to Germany, Defendant **RICK BUTLER** raped Ms. Powers-Barnhard in the bathroom of a train car, with her entire team nearby. On the same trip, after an issue with their sleeping arrangements, the entire team and Defendant **RICK BUTLER** were forced to sleep on the floor in one large room. Defendant **RICK BUTLER** slept next to Ms. Powers-Barnhard and fondled her throughout the night, just feet away from the other girls.

23. On several occasions, Defendant **RICK BUTLER** forced Ms. Powers-Barnhard to watch pornographic movies so she could "learn."

24. Defendant **RICK BUTLER** used both intimidation tactics and the pretext of talking or meeting about "team issues" to lure Ms. Powers-Barnhard to his house, car, and/or other secluded locations to sexually abuse Ms. Powers-Barnhard.

25. Defendant **RICK BUTLER** would punish Ms. Powers-Barnhard during practice if Ms. Powers-Barnhard did something to upset Defendant **RICK BUTLER**.

26. Defendant **RICK BUTLER** continued to harass and sexually abuse Ms. Powers-Barnhard when she graduated from high school and went on to be a student at Western Michigan University.

27. Additionally, because of the malicious, predatory, and intentional acts of defendant **RICK BUTLER**, plaintiff suffered catastrophic and lifelong injuries.

28. In recent years, Defendant **CHERYL BUTLER** has repeatedly attacked Ms. Powers-Barnhard on social media and, upon information and belief, Defendants **RICK BUTLER** and **CHERYL BUTLER** have directed younger players to reach out to Ms. Powers-Barnhard to tell her to stop telling her story. Everything that happened to Ms. Powers-Barnhard stemmed from what occurred in Syracuse.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR NEGLIGENCE

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 28. inclusive, with the same force and effect as if hereinafter set forth at length.

30. Plaintiff **SARAH POWERS-BARNHARD** is the manager of a volleyball club who resides at 117 Oak View Circle, Ponte Vedra Beach, FL 32082.

31. At all times herein mentioned, Defendant **RICK BUTLER** is a volleyball coach who renders services throughout the United States, including in the state of New York.

32. At all times herein mentioned, Plaintiff **SARAH POWERS-BARNHARD** was a student of defendant **RICK BUTLER**.

33. At all times herein mentioned, defendant **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** was a domestic corporation duly organized and existing under and by virtue of the laws of the State of Illinois.

34. At all times herein mentioned, plaintiff **SARAH POWERS-BARNHARD** was a student of defendant **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** and/or its agents, servants, employees, and contractors.

35. At all times herein mentioned, defendant **RICK BUTLER** was an agent, servant and/or employee of defendant **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER**.

36. At all times herein mentioned, defendants **RICK BUTLER** and **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** were all agents, servants, and/or employees of one another.

37. At all times herein mentioned, defendant **RICK BUTLER** and **GLV, INC.** d/b/a **SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** acted in concert with one another.

38. On or about July 1981, Defendant **RICK BUTLER** forcibly attacked **SARAH POWERS-BARNHARD** during a meeting with her in the upstairs lounge of an empty dorm building by groping her and trying to force himself onto her by kissing her. Defendant **RICK BUTLER**'s conduct escalated from there and each time he forced himself on her and forcibly kissed her, groped her, fondled her, and/or otherwise sexually abused her.

39. At all times mentioned herein, defendants **RICK BUTLER** and **GLV, INC.** d/b/a **SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER**, and/or their agents, servants, employees, and contractors owed its students and program participants, including **SARAH POWERS-BARNHARD** a duty of care to keep her safe from assault, battery, sexual misconduct, and other harms that ultimately befell **SARAH POWERS-BARNHARD**.

40. At all times mentioned herein, defendants **RICK BUTLER** and **GLV, INC.** d/b/a **SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** and/or their agents, servants, employees, and contractors breached the above-stated duty in a negligent, reckless, and willful and wanton manner, and knew or should have known of that defendant **RICK BUTLER** had previously committed sexual attacks, assaults and batteries, and was likely to do so again, and caused Plaintiff to be battered and assaulted by defendant **RICK BUTLER**.

41. As a result of the negligence of **RICK BUTLER** and **GLV, INC.** d/b/a **SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER**, plaintiff **SARAH POWERS-BARNHARD** was caused to suffer personal injuries, emotional distress,

conscious pain and suffering, embarrassment, humiliation, nightmares, mental anguish, and other losses, all of which have not as yet been ascertained.

42. By reason of the foregoing, the plaintiff is entitled to compensatory damages from defendants in such sums as a jury would find fair, just, and adequate, and the plaintiff is further entitled to punitive and exemplary damages from defendants in such sums as a jury would find fair, just, and appropriate to deter said defendants and other from future similar misconduct.

43. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

44. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designation 1. through 44., inclusive, with the same force and effect as if hereinafter set forth at length.

46. Defendant **RICK BUTLER** knew or reasonably should have known that the battery, assault, and his other improper conduct would and did proximately result in physical and emotional distress to the plaintiff **SARAH POWERS-BARNHARD**.

47. Defendant **CHERYL BUTLER** knew or reasonably should have known that the online comments, online harassment, and her other improper conduct would and did proximately result in physical and emotional distress to the plaintiff **SARAH POWERS-BARNHARD**.

48. Defendant **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER** knew or reasonably should have known that the failure to prevent the battery and assault of plaintiff would and did proximately result in physical and emotional distress to the plaintiff **SARAH POWERS-BARNHARD**.

49. Defendant **U.S.A. VOLLEYBALL** knew or reasonably should have known that the failure to prevent the battery and assault of plaintiff would and did proximately result in physical and emotional distress to the plaintiff **SARAH POWERS-BARNHARD.**

50. Defendants had the power, ability, authority, and duty to stop the improper conduct that resulted in the battery and assault of plaintiff **SARAH POWERS-BARNHARD** and/or to intervene to prevent or prohibit said conduct.

51. Despite said knowledge, power and duty, defendants negligently failed to act so as to stop, prevent, and prohibit the improper conduct that resulted in the battery and assault of plaintiff **SARAH POWERS-BARNHARD** or otherwise protect her.

52. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

53. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEGLIGENT HIRING/SUPERVISION/RETENTION

54. Plaintiff repeats, reiterates, realleges each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 54., inclusive, with the same force and effect as if hereinafter set forth at length.

55. Defendants **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER and U.S.A. VOLLEYBALL** had a duty to supervise and prevent known risks of harm.

56. Defendants **GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB and GREAT LAKES CENTER and U.S.A. VOLLEYBALL**, knew or should have known that defendant **RICK BUTLER** sexually abused plaintiff **SARAH POWERS-BARNHARD** or had the propensity to do so.

57. Defendants were negligent in hiring, retaining and supervising their personnel, including but not limited to defendant **RICK BUTLER**, who was careless, unskillful, negligent, reckless, and acted in a willful and wanton manner, and who had previously committed sexual attacks, assaults and batteries.

58. As a result of such negligent hiring, retaining and supervising, plaintiff **SARAH POWERS-BARNHARD** was caused to suffer serious personal injuries, emotional distress, conscious pain and suffering, mental anguish, and/or physical manifestations thereof, and other losses, all of which have not as yet been ascertained.

59. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

60. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR ASSAULT

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 60., inclusive, with the same force and effect as if herein set forth at length.

62. Defendant **RICK BUTLER**'s predatory, abusive, manipulative and unlawful acts against plaintiff **SARAH POWERS-BARNHARD**, created a reasonable apprehension in Ms. Powers-Barnhard of immediate harmful or offensive contact to plaintiff's person, all of which were done intentionally by defendant **RICK BUTLER** to plaintiff without plaintiff's consent.

63. As a direct and proximate result of the aforementioned assault, Plaintiff has sustained in the past, and will continue to sustain in the future, serious and severe psychological injuries and emotional distress, mental anguish, embarrassment and humiliation.

64. As a direct and proximate result of the aforementioned assaults, plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of

money for medical care and attention in effort to cure himself of his injuries and to alleviate her pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

65. By reason of the foregoing, plaintiff **SARAH POWERS-BARNHARD** is entitled to compensatory damages from defendant **RICK BUTLER** in such sums a jury would find fair, just and adequate, and the plaintiff, Ms. Powers-Barnhard, is further entitled to punitive and exemplary damages from defendant **RICK BUTLER** in such sums as a jury would find fair, just and appropriate to deter said defendant and others from future similar misconduct.

66. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

67. This action falls within exceptions to Article 16 of the C.P.L.R.

## AND AS FOR A FIFTH CAUSE OF ACTION FOR BATTERY

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated 1. through 67., inclusive, with the same force and effect as if herein set forth at length.

69. When plaintiff **SARAH POWERS-BARNHARD** was approximately sixteen years old, defendant **RICK BUTLER** confined Ms. Powers-Barnhard in her upstairs dorm room lounge and unlawfully sexually abused her by fondling Ms. Powers-Barnhard as he kissed and groped her.

70. Defendant **RICK BUTLER**'s unlawful, abusive, manipulative, and predatory acts against Ms. Powers-Barnhard, amounted to a series of harmful and offensive contacts to plaintiff's person all of which were done intentionally by defendant to plaintiff without plaintiff's consent.

71. As a direct and proximate result of the aforementioned battery, Plaintiff has sustained in the past, and will continue to sustain in the future, psychological injury, pain and suffering,

serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

72. By reason of the foregoing, plaintiff **SARAH POWERS-BARNHARD** is entitled to compensatory damages from defendant **RICK BUTLER** in such sums a jury would find fair, just and adequate, and the plaintiff, **SARAH POWERS-BARNHARD**, is further entitled to punitive and exemplary damages from defendant **RICK BUTLER** in such sums as a jury would find fair, just and appropriate to deter said defendant and others from future similar misconduct.

73. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

74. This action falls within exceptions to Article 16 of the C.P.L.R.

**WHEREFORE**, plaintiffs demand judgement against defendant in such sum as a jury would find fair, adequate and just containing the following relief:

A. A declaratory judgement that the actions, conduct and practices of Defendants complained of herein violated the laws of the State of New York;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiffs for all monetary and/or economic harm; harm to her personal and professional reputations and loss of career fulfillment; for all non-monetary and/or compensatory harm, including but not limited to, compensation for physical anguish and mental anguish; all other monetary and/or non-monetary losses suffered by Plaintiff; and that by reason of the foregoing, Plaintiffs sustained damages in a sum, pursuant to C.P.L.R. §3017, which exceeds the jurisdictional limits of all lower courts;

D. An award of punitive damages;

E. An award of costs that Plaintiffs have incurred in this action, as well as Plaintiffs' reasonable attorney's fees to the fullest extent permitted by law; and

F. Such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York          MERSON LAW, PLLC
       August 21, 2019

                                    By: _____
                                    Jordan K. Merson
                                    Attorney for Plaintiff
                                    150 East 58th Street, 34th Floor
                                    New York, New York 10155
                                    (212) 603-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

Index No.: 007595/2019

---------------------------------------------------------------X
SARAH POWERS-BARNHARD,

                *Plaintiff*,

-against-

**ATTORNEY VERIFICATION**

RICK BUTLER, CHERYL BUTLER, GLV, INC.
d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB
and GREAT LAKES CENTER, and
U.S.A. VOLLEYBALL,

                *Defendants*,
---------------------------------------------------------------X

JORDAN K. MERSON, an attorney duly admitted to practice in the Courts of New York State, and a member of the firm MERSON LAW, PLLC, attorneys for the plaintiffs in the within action hereby affirms under penalty of perjury:

That he has read the within complaint and knows the contents thereof, and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true,

That the sources of information and knowledge are investigations and records in the file.

That the reason that this verification is made by affirmant and not by the plaintiff is that the plaintiff is not within the County where the attorney has his office.

Dated: New York, New York
       August 21, 2019

_____
JORDAN K. MERSON

Index No. 007595                                    Year 2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

---

SARAH POWERS-BARNHARD,

                                 *Plaintiff(s),*

                   - *against* -

RICK BUTLER, CHERYL BUTLER, GLV, INC. d/b/a
SPORTS PERFORMANCE VOLLEYBALL CLUB and
GREAT LAKES CENTER, and U.S.A. VOLLEYBALL,

                                *Defendant(s),*

---

## SUMMONS AND VERIFIED COMPLAINT

---

Merson Law, PLLC.

*Attorneys for Plaintiff(s)*

*Office and Post Office Address  Telephone*
150 East 58th Street 34th Fl.
New York, New York 10155
(212) 603-9100

---

To:   All Parties

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

_____X   Index No.: 007595/2019
SARAH POWERS-BARNHARD

        Plaintiffs,

-against-

RICK BUTLER, CHERYL BUTLER, GLV, INC. d/b/a
SPORTS PERFORMANCE VOLLEYBALL CLUB and
GREAT LAKES CENTER, and U.S.A. VOLLEYBALL,

        Defendants,
_____X

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

**PLEASE TAKE NOTICE** that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-b (consensual electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the Court and for electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the Court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the Court by filing on the NYSCEF website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fee for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

1) **Parties represented by an attorney:** An attorney representing a party who is served with this Notice must promptly either consent or decline consent to electronic filing and service through NYSCEF for this case. Attorneys registered with NYSCEF may record their consent electronically in the manner provided at NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a

NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile. Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

2) **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file all documents in paper form and must be served with all documents in paper form.** However, an unrepresented litigant may consent to participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the Court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the Court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone:646-386-3033; email: efile@nycourts.gov).

Dated: August 21, 2019

_____
Signature

Jordan Merson
Name

Merson Law, PLLC
Firm Name

150 East 58th Street, 34th Floor
Address

New York, NY 10155
City, State, and Zip

212-603-9100
Phone

jmerson@mersonlaw.com
E-mail

To:

**RICK BUTLER**
2433 Glenford Drive
Aurora, IL 60502

**CHERYL BUTLER**
2433 Glenford Drive
Aurora, IL 60502

**GLV, INC. d/b/a SPORTS PERFORMANCE VOLLEYBALL CLUB
and GREAT LAKES CENTER**
579 North Oakhurst Drive
Aurora, IL 60502

**U.S.A. VOLLEYBALL**
4065 Sinton Road, Suite 200
Colorado Springs, CO 80907