**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

SARAH POWERS-BARNHARD,

                                        Plaintiff,                    5:19-cv-01208 (BKS/ATB)

v.

RICK BUTLER,

                                        Defendant.

_____

**Appearances:**

_For Plaintiff:_
Merson Law, PLLC
Jordan K. Merson
950 Third Ave., 18th Floor
New York, NY 10022

_For Defendant Rick Butler:_
D'Ambrose P.C.
Danielle D'Ambrose
205 North Michigan Avenue, Suite 810
Chicago, IL 60601

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.   INTRODUCTION

Plaintiff Sarah Powers-Barnhard filed a Complaint in New York Supreme Court,

Onondaga County against Defendants Rick Butler; Cheryl Butler; GLV, Inc. d/b/a/ Sports

Performance Volleyball Club and Great Lakes Center ("GLV"); and USA Volleyball alleging:

(1) negligence; (2) negligent infliction of emotional distress; (3) negligent hiring, retention, and

supervision; (4) assault; and (5) battery. (Dkt. No. 2). The action was removed to this Court

under 28 U.S.C. § 1446 based on diversity jurisdiction, and Defendants moved to dismiss the

Complaint for lack of personal jurisdiction. (Dkt. Nos. 23, 31). On August 21, 2020, the Court dismissed the claims against Defendants Cheryl Butler, GLV, and USA Volleyball for a lack of personal jurisdiction. (Dkt. No. 41). Plaintiff's claims against Defendant Rick Butler for negligence, negligence infliction of emotional distress, assault, and battery remain.

Presently before the Court is Defendant's motion under Rules 12(e) and 12(f) of the Federal Rules of Civil Procedure for a more definite statement and to strike allegations from the Complaint. (Dkt. No. 45). Plaintiff has opposed the motion. (Dkt. No. 49). For the reasons set forth below, Defendant's motion is denied.

## II.   FACTS[1]

Plaintiff Sarah Powers-Barnhard was a "rising top-ranked high school volleyball player at Sports Performance Volleyball Club." (Dkt. No. 2, ¶ 1). Defendant Rick Butler was Plaintiff's volleyball coach, and subjected her to "sexual, emotional, and physical abuse" beginning in 1981. (*Id*. ¶¶ 1, 5, 16).

Defendant initiated "inappropriate behavior" towards Plaintiff for the first time on her sixteenth birthday, when he "took [her] to a back stairwell and hugged her." (*Id*. ¶ 16). In "approximately July of 1981," during a volleyball team trip, Defendant threw a volleyball past Plaintiff's head and later forced her to "sit alone in the equipment bus on the way to the dorm building" while he "took the rest of the team to get ice cream." (*Id*. ¶ 17). On the same trip, while Plaintiff and her teammates were "staying in an empty summer dorm building in Syracuse, New York," Defendant asked Plaintiff "to see him in an upstairs private lounge." (*Id*. ¶ 18). Defendant told Plaintiff she "needed to follow him blindly and do as he said" in order to "achieve all of her goals and dreams of becoming a professional volleyball player." (*Id*.). He then proceeded to

---

[1] The facts are taken from the Complaint.

"kiss and grope" Plaintiff. (*Id*.). This incident was the "beginning of the inappropriate sexual contact," which "only escalated from there." (*Id*.). During the same trip, Defendant "plied the entire team including plaintiff with alcohol, and they became extremely intoxicated." (*Id*. ¶ 19). Throughout the trip, Defendant "kissed and fondled" Plaintiff. (*Id*.).

After returning home, Defendant invited the team members to his house where he "got them extremely intoxicated again." (*Id*. ¶ 20). Later that evening, Defendant took Plaintiff's "head into his lap and stroked her hair while another player watched." (*Id*.). Days after, Defendant took Plaintiff to his house, where he "proceeded to rape her." (*Id*. ¶ 21). This was the "the beginning of the multiple rapes [Plaintiff] suffered at the hands of Defendant." (*Id*.).

During a volleyball team trip to Germany, Defendant raped Plaintiff "in the bathroom of a train car, with her entire team nearby." (*Id*. ¶ 22). Because of an issue with their sleeping arrangements, "the entire team" was "forced to sleep on the floor in one large room" with Defendant. (*Id*.). Defendant "slept next to" Plaintiff and "fondled her throughout the night, just feet away from the other girls." (*Id*.).

On several occasions, Defendant forced Plaintiff to "watch pornographic movies so she could 'learn.'" (*Id*. ¶ 23). Defendant used "both intimidation tactics and the pretext of talking or meeting about 'team issues' to lure [Plaintiff] to his house, car, and/or other secluded locations to sexually abuse [Plaintiff]." (*Id*. ¶ 24). He would "punish" Plaintiff "during practice" if she "did something to upset Defendant." (*Id*. ¶ 25).

Defendant "continued to harass and sexually abuse" Plaintiff after she graduated from high school and went on to school at Western Michigan University, (*id*. ¶ 26), and she has suffered "catastrophic and lifelong injuries" as a result of Defendant's "malicious, predatory, and

intentional acts," (*id*. ¶ 27). Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (*Id*., at 14).

## III.   DISCUSSION

### A.   Timeliness of Defendant's Motion

Plaintiff argues that Defendant's motion for a more definite statement and to strike is "preclud[ed]" because under Rule 12(e) and Rule 12(f) such motions must be filed before a responsive pleading, and Defendant has already filed a motion to dismiss. (Dkt. No. 49, ¶¶ 7-8). Defendant did not respond to this argument in his reply.

Under Rule 12(e), a motion for a more definite statement must "be made before filing a responsive pleading and must point out the defects complained of and the details desired." Similarly, a motion to strike under Rule 12(f) must be made "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Plaintiff asserts that Defendant's motion is untimely because he already "filed a responsive pleading in the form of a motion to dismiss." (Dkt. No. 49, at 2).

Plaintiff, however, does not offer any support for her argument that a motion to dismiss is a responsive pleading. The Federal Rules of Civil Procedure "explicitly distinguish between pleadings and motions." *Canadian Overseas Orea, Ltd. v. Compania de Acero del Pacificio S.A.*, 727 F.2d 274, 277 (2d Cir. 1984); *see*, *e.g.*, Fed. R. Civ. P. 7; *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007) ("Defendants' motion to dismiss, because it was a motion, not a pleading, was not a 'responsive pleading' within the meaning of Rule 15(a).").

In any event, under Rule 12(g)(2), Defendant is precluded from making motions under Rule 12(e) or 12(f) that were available to him at the time he filed his motion to dismiss. Rule 12(g)(2) requires a party to consolidate its available Rule 12 defenses in a single motion. It provides that, with exceptions not relevant here, "a party that makes a motion under this rule

must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." *See*, *e.g.*, 5C Fed. Prac. & Proc. Civ. § 1385 (3d ed.) ("If the defendant exercises the option afforded by Rule 12(b) and raises certain defenses and objections by preliminary motion, he or she is bound by the consolidation principle in Rule 12(g), which contemplates a single pre-answer motion in which the defendant asserts all the Rule 12 defenses and objections that are then available to him or her."); *Fra S. P. A. v. Surg-O-Flex of Am., Inc.*, 415 F. Supp. 421, 427 (S.D.N.Y. 1976) (noting that motion for more definite statement under Rule 12(e), which was filed after a Rule 12(b) motion to dismiss, was "untimely according to the directive of Rule 12(g)"). Since a motion under Rules 12(e) and 12(f) was available to Defendant at the time he filed his February 3, 2020 motion to dismiss under Rule 12(b)(2) and Rule 12(b)(3) for lack of personal jurisdiction and improper venue, but omitted from his earlier motion, Defendant cannot bring this motion now.[2]

Even if the Defendant's motion was not precluded, however, it would be denied for the reasons below.

**B.      The Motion for a More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." It "is designed to remedy unintelligible pleadings, not merely to correct for lack of detail," *Kelly v. L.L. Cool J*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992) (citing *FRA S.p.A.*, 415 F. Supp. at 427), and therefore "should not be

---

[2] To the extent Defendant contends that the basis for the motion to strike did not become apparent until the Court granted the co-defendants' motion to dismiss, and to the extent such a contention would provide a basis for the Court's consideration of the present motion, the motion would still fail on the merits for the reasons discussed below.

granted if the complaint complies with the 'short and plain statement' requirement of Federal Rule of Civil Procedure 8." *Columbia Ins. Co. v. Brown Shoe Co.*, 233 F.R.D. 250, 251 (D. Conn. 2005). A motion pursuant to Rule 12(e) should only be granted where "the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Boothe v. TRW Credit Data*, 523 F. Supp. 631, 635 (S.D.N.Y. 1981).

Relying almost exclusively on law from the Eleventh Circuit Court of Appeals, Defendant argues that Plaintiff's Complaint is a "shotgun pleading" that "impedes [Defendant's] ability to provide a proper, logical, and complete Answer." (Dkt. No. 45-1, ¶ 14). Defendant argues that because "[e]ach and every cause of action brought by the Plaintiff begins with the statement that 'Plaintiff' repeats, reiterates and realleges each and every allegation contained," the Complaint incorporates claims "against the now-dismissed parties in each of [Plaintiff's] claims against Butler." (Dkt. No. 45-1, ¶¶ 12, 14). But Defendant fails to explain how that makes the Complaint unintelligible, or what prejudice would result to the Defendant absent a more definite statement. *Patrick Dev., Inc. v. VIP Restoration, Inc.*, No. 09-cv-670A, 2020 WL 447390, at *2, 2010 U.S. Dist. LEXIS 8758, at *6 (W.D.N.Y. Feb. 2, 2010) (denying motion for a more definite statement where "defendant [had] not shown how the complaint is unintelligible or what prejudice—i.e., what loss of rights in later proceedings or at trial—it will suffer if it answers or otherwise challenges the complaint in its current form").

Plaintiff argues that "the crux of [her] entire claim is that she was sexually abused by Defendant Rick Butler while he was her volleyball coach," and that the claims asserted against him are "clear and unambiguous." (Dkt. No. 49, at 5). The Court agrees that there is no basis to grant the Defendant's motion. The Complaint lays out the specific factual allegations of the case

in numbered paragraphs spanning five pages, (Dkt. No. 2, at 5-10), describing the Defendant's inappropriate sexual contact and multiple rapes; it "does not fail[] to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002). It is not "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Boothe*, 523 F. Supp. at 635. Where, as here, the Complaint has provided Defendant with "notice of the general nature of the claims against [him], 'the preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings,' rather than to require plaintiffs to more specifically plead their causes of action." *Greater N.Y. Auto Dealers Ass'n v. Envtl. Sys. Testing*, 211 F.R.D. 71, 77 (E.D.N.Y. 2002) (quoting *Boothe*, 523 F. Supp. at 635). Thus, even if Plaintiff's motion for a more definite statement was properly before the Court, it would be denied.

### C.    Motion to Strike

Under Rule 12(f), a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Whether to grant or deny a Rule 12(f) motion is within the discretion of the district court; such motions are generally disfavored and rarely granted. *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15 (D. Conn. 2013). "[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). To prevail, the movant must show that "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *In re Fannie Mae 2008 Securities Litigation*, 891 F. Supp. 2d 458, 471 (S.D.N.Y. 2012) (citing *S.E.C. v. Lee*, 720 F. Supp. 2d 305, 340-41 (S.D.N.Y. 2010)).

Defendant argues that "[n]o legitimate purpose is served by the inclusion of allegations against GLV, Inc., Cheryl Butler, and USA Volleyball" and that allegations including these now-dismissed defendants "should be stricken from the Complaint." (Dkt. No. 45-1, ¶ 22). Defendant identifies specific numbered paragraphs, all of which name Cheryl Butler, GLV, or USA Volleyball, who are no longer parties to this case. (*Id*. ¶¶ 25-26). Plaintiff argues that the allegations against the dismissed defendants "bear a direct relation to Plaintiff's claims" against Defendant, and do not "create confusion about the claims at issue." (Dkt. No. 49, ¶ 18).

The Court declines to strike the allegations at issue. At least some of the paragraphs Defendant seeks to have struck cannot be said to "have no bearing on the issues in the case." *See In re Fannie Mae 2008 Securities Litigation*, 891 F. Supp. 2d 458, 471 (S.D.N.Y. 2012) (citing *S.E.C. v. Lee*, 720 F. Supp. 2d 305, 340-41 (S.D.N.Y. 2010)). For example, Defendant seeks to have the third paragraph of the Complaint struck, (Dkt. No. 45-1, ¶ 26), which alleges "[d]espite Mr. Butler's reputation as a sexual predator to young girls, he continued to be a volleyball coach under the supervision and control of Sports Performance Volleyball Club and U.S.A. Volleyball." (Dkt. No. 2, ¶ 3). While GLV and USA Volleyball have been dismissed from the action, it is premature to adjudicate the relevancy of this allegation to the claims remaining against Defendant. *See Sunshine Cellular v. Vanguard Cellular Sys., Inc.*, 810 F. Supp. 486, 499-500 (S.D.N.Y. 1992) ("If there is any doubt whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, and the sufficiency of the allegations left for the adjudication on the merits.")

Moreover, even if the Court was satisfied that the allegations concerning co-defendants were immaterial to Plaintiff's remaining claims against Defendant, "it is settled law in this District that 'immaterial allegations . . . need not be stricken unless their presence in the

complaint prejudices the defendant." *Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F Supp. 636, 638 (S.D.N.Y. 1975) (quoting *Federated Dep't Stores, Inc. v. Grinnell Corp.*, 285 F. Supp. 744, 747 (S.D.N.Y. 1968)). "Mere assertions of prejudice by the moving party are insufficient to satisfy [the prejudice] prong." *Eunhasu Corp. v. NorGuard Ins. Co.*, No. 19-cv-7696, 2020 WL 5513159, at *2, 2020 U.S. Dist. LEXIS 167659, at *6 (S.D.N.Y. Sept. 14, 2020). Here, Defendant's vague and conclusory assertions of prejudice are insufficient. (Dkt. No. 50, at 3). He has failed to identify how he is prejudiced by the inclusion of allegations concerning co-defendants who are no longer in the case.

The one case on which Defendant relies, *Huang v. GW of Flushing I, Inc.*, No. 17-cv-3181, 2019 WL 145528, at *8, 2019 U.S. Dist. LEXIS 4092, at *19-21 (E.D.N.Y. Jan. 9, 2019), is inapposite. In *Huang*, the plaintiff brought an action alleging labor law violations against eighteen defendants. The court dismissed multiple defendants from the first amended complaint, and directed the plaintiff to file a second amended complaint "conforming to the Court's dismissal of defendants." *Id*. at *2, 2019 U.S. Dist. LEXIS 4092, at *4-5. The plaintiff filed a second amended complaint against the remaining six defendants that did not fully comply with the court's directive: allegations "relating to defendants that were dismissed from [the] case" remained. *Id*. at *7, 2019 U.S. Dist. LEXIS 4092, at *19. The court granted a motion to strike as it pertained to portions of the identified paragraphs, finding that "excision is warranted, to the extent [the paragraphs] reference dismissed corporate defendants and non-parties, all of whom, the Court has ruled, Plaintiff has no standing to sue," and noting that "the continuing inclusion of these non-parties serves only to create confusion as to the parties being sued in this action." *Id*. at *8, 2019 U.S. Dist. LEXIS 4092, at *20-21.

Defendant's argument here that the inclusion of non-parties creates confusion as to the parties being sued is without merit: he is the only defendant left in the case. And, "[c]oncerns that a jury may be prejudiced by allegations in a complaint are [ ] insufficient [to grant a motion to strike], as the Court does not submit pleadings to a jury in civil cases." *Shouq v. Norbert E. Mitchell Co., Inc.*, No. 18-cv-00293, 2018 WL 4158382, at *4, 2018 U.S. Dist. LEXIS 148001, at *11 (D. Conn. Aug. 30, 2018) (citation omitted).

For these reasons, even if Defendant's motion to strike was properly before the Court, it would be denied.

## IV.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion for a more definite statement and to strike (Dkt. No. 45) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 12, 2021
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge