# D'AMBROSE P.C.

**Danielle D'Ambrose**
Danielle@DambrosePC.com
205 N. Michigan Ave., Suite 810
Chicago, IL 60601
P: (312) 396-4121
F: (312) 574-0924

August 15, 2021

VIA ECF FILING
Hon. Brenda K. Sannes, U.S.D.J.
Hon. Andrew T. Baxter, U.S.M.J.
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse, NY 13261-7336

RE:    POWERS-BARNHARD V. BUTLER; CASE NO. 5:19-CV-01208-BKS-ATB

Dear Hon. Sannes and Hon. Baxter:

My firm represents the Defendant in the above referenced matter. At 10:33 p.m. on August 13, 2021, counsel for Plaintiff in this matter, Jordan Merson, filed a Letter Brief that is riddled with false and unsubstantiated claims against Rick Butler, Cheryl Butler, and GLV, Inc. (Dkt. 63) The recent filing before this Court follows Plaintiff's well-documented pattern of abusing judicial proceedings to improperly attack the Butlers and their business.

## *Plaintiff's Improper Letter Brief and Defendant's Motion to Strike*

Opposing counsel's Letter Brief was improperly filed to disseminate false information, needlessly increase costs of litigation, and publicly smear the Butlers and their business. Each and every accusation set forth in Mr. Merson's Letter Brief is false. Had opposing counsel reached out to me prior to filing his defamatory accusations, I am confident the issue would have been resolved without this Court's involvement. That he refused to make even a cursory inquiry is further evidence that the document was filed for an improper purpose.

The Letter Brief opens with a fictitious account of the parties' confidential settlement discussions in this case. Counsel's gratuitous claim that the "Butlers," at any point in this litigation, claimed "that they do not have adequate money to resolve this lawsuit" is a distorted presentation of this case and the Defendant's position on settlement. As a preliminary matter, there is only one Defendant in this case, Rick Butler, who has made his position on settlement abundantly clear to Plaintiff's counsel. Defendant anticipates a judgment will be found in his favor, and, therefore, any settlement at this stage of litigation would certainly reflect his position. However, even if the statement were relevant and/or true, opposing counsel's decision to needlessly include it in his Letter Brief demonstrates an intent to disparage the Butlers and their business.

Likewise, the remarks about GLV's supposed business dealings are both improper and inaccurate. Whatever "information" that led Plaintiff and her attorneys to believe "the Butlers" are building and/or purchasing property in North Carolina is incorrect. However, even if the rumors about GLV's dealings were true, counsel's claims would still be improper because those business transactions are irrelevant to the claims at issue in this litigation. Counsel's Letter Brief appears to conflate the activities and interests of Rick Butler, an individual, with those of Cheryl Butler and GLV, Inc. To be clear, GLV is not a party to this lawsuit, and Powers-Barnhard's claims against Rick Butler stem from conduct that is alleged to have occurred nearly a decade before GLV was incorporated.

In light of the foregoing, the remaining allegations in the Letter Brief make little sense. Plaintiff's counsel claims that "the Butlers" are "telling other children, their parents, volleyball coaches, and schools in North Carolina" that certain accusations against Butler have been recanted. This is not true. The Letter Brief contends that "the Butlers" made these comments "in an apparent attempt to assuage concerns about Mr. Butler's past." This is also not true.

I would assume, pursuant to opposing counsel's obligations under Rule 11, that the allegations set forth in his Letter Brief amount to something more than unsubstantiated rumors. However, I have confirmed with my client that the concerns expressed in Mr. Merson's letter brief are unfounded. We take these false rumors and allegations seriously and, therefore, demand that Plaintiff and/or her counsel provide all "information" they "received" which led them to raise each and every false contention made in the Letter Brief.

In the event that Plaintiff and her attorneys are unable to substantiate that they "received information" that justified the filing of their Letter Brief without even attempting to resolve their concerns with Defense counsel directly, Defendant moves this Honorable Court to Strike the Letter Brief (Dkt. 63) from the record.

### *Request to File (1) Motion for Sanctions against Plaintiff and Her Attorneys and (2) Motion for an Extension of All Deadlines*

Defendant requests leave to file a Motion for Sanctions against Plaintiff and her attorneys and a Motion to Stay all deadlines pending resolution of the matters set forth in Defendant's motion for sanctions. Many of the events giving rise to these motions were previously detailed in Defendant's Status Reports dated March 29, 2021 (Dkt. 56), and Defendant's Status Report dated March 31, 2021 (Dkt. 58). However, I have provided a brief summary below, which will be set forth in detail, with supporting evidence, in the anticipated motion for sanctions against Plaintiff and her attorneys.

Plaintiff's discovery responses were due on March 18, 2021. When they were not produced, I repeatedly attempted to meet and confer with Plaintiff's attorneys. On March 29, 2021, a status report was due to be filed with the Court. By the close of business hours that day, I had still not heard from Plaintiff's attorneys, so I prepared a Status Report that outlined the status of discovery. As I was filing that report, around 7:00 pm, I received a phone call from Plaintiff's counsel, who said she would attempt to respond to all of Defendant's discovery requests by the following day.

As anticipated, the "Responses" Plaintiff eventually produced were entirely deficient. Defendant's requests were carefully tailored by reference to specific events, individuals, communications. Yet, Plaintiff's answers assert the same block paragraph of blanket objections and provide that certain unidentified "authorizations have been provided to the extent applicable."[1] The only non-public document produced by Plaintiff was a 3-page authorization form which was sent by Plaintiff's counsel to a physician that same day.[2]

Since March 29, 2021, I have raised these discovery issues several times and, each time, Plaintiff's attorneys have attempted to mislead the Court to believe they have been compliant with their discovery obligations. Plaintiff's counsel claims to have produced hundreds of documents when, in reality, the only documents produced at this time appear to be a result of Plaintiff's attorneys Googling "Rick Butler." Plaintiff's "production" was produced in a manner that plainly violated the Rules, consisting of internet links to news articles – many of which required a paid subscription and were inaccessible – that counsel simply copied and pasted into the body of several emails. Counsel also attached a smattering of publicly accessible documents without any context, reference to Defendant's requests, or even bates stamps. While Plaintiff later attempted to organize the articles into PDF files, she has not produced any non-pubic, substantive responses to Defendant's document requests and has not supplemented her deficient answers.[3]

On a status call with this Court on April 1, 2021, I requested permission to file a motion for sanctions to address Plaintiff's discovery misconduct. Plaintiff's counsel claimed that I had misrepresented the events leading up to the hearing, she argued that she had produced hundreds of responsive documents, and she said that she was working to supplement the deficient answers. The Court denied my request, in part due to opposing counsel's representations, and instructed the Parties to cooperate in discovery. On April 13, 2021, I attended a phone conference with Plaintiff's counsel to discuss the outstanding discovery in more detail. Plaintiff's counsel again promised to supplement the deficiencies. As of August 14, 2021, four months later, Plaintiff has still not supplemented her responses.

On May 12, 2021, the parties attended a hearing to schedule a settlement conference with the Honorable Judge Baxter. On that day, the Court's Minute Entry explains that the Court had "advised parties to exchange information that would facilitate the settlement conference, including plaintiff's treatment records…and stayed deadlines pending completion of the conference" that was scheduled for June 3, 2021.

---

[1] It is no surprise that discovery responses drafted in less than 24 hours would consist of general objections and non-substantive answers.

[2] That this form was dated March 30, 2021, further indicates that Plaintiff did not attempt to answer Defendant's discovery prior to that date, despite the due date of March 18, 2021.

[3] Defendant is also requesting that all future documents be produced in one searchable PDF document that includes all metadata. If the file is greater than 400 pages, the production should be split between multiple PDF files, with no file exceeding 400 pages. All documents should be marked with an identifying Bates Number. YouTube links and links to articles are not acceptable forms of production, because the content is not preserved and could become inaccessible at any time. All internet links identified by the Plaintiff should be converted to a file and sent to Defendant in a manner that can be downloaded or otherwise saved. Native files should feature file names with a corresponding bates stamp.

On June 2, 2021, I still had not received any substantive discovery from Plaintiff's attorneys, including Plaintiff's treatment records. Therefore, I sent a letter to Plaintiff's counsel on June 2, 2021, requesting that, prior to the Parties' settlement conference, Plaintiff provide certain supplemental discovery responses related to Plaintiff's claim of damages and identifying any witnesses, evidence, and/or experts which Plaintiff may depose, use, and/or call at trial. This information was necessary to evaluate various issues that would be raised in the conference. However, Plaintiff never responded to my letter.

At this time, Plaintiff's discovery responses are more than five months past due. Given Plaintiff's evasive answers, misrepresentations to the Court, and general refusal to participate in the discovery process, the Defendant is seeking leave to file a Motion for Sanctions pursuant to Federal Rule of Procedure Rule 37. The discovery misconduct of Plaintiff and her attorneys has harmed Defendant's ability to prepare his defense and has needlessly increased Defendant's legal fees. The repeated, intentional dereliction of their duties under the Federal Rules is precisely the type of conduct that justifies the imposition of grave sanctions.

Sincerely,
D'AMBROSE P.C.

Danielle D'Ambrose